# Bryan C. Berry *v.* The Borough of Sugar Notch, Appellant.

*Negligence—Boroughs—Ordinance—Street railway—Speed.*

Where a tree which a borough has permitted to remain standing, notwithstanding its dangerous condition, is blown down and strikes a passing street car, thereby injuring the motorman, the motorman's right to recover damages from the borough is not defeated by the fact that at the time of the accident he was running his car at a higher rate of speed than that permitted by an ordinance of the borough.

Argued April 10, 1899. Appeal, No. 31, Jan. T., 1899, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1894, No. 671, on verdict for plaintiff. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before WOODWARD, P. J.

The facts appear by the opinion of the Supreme Court.

Defendant's points and the answers thereto were as follows:

5. The cause of the accident alleged in the declaration being that the defendant negligently permitted a large tree to stand within the lines of the Main street, although it had become decayed and rotten and dangerous to public travel, and the proof upon the trial being that the said tree was sound and that the accident occurred through the negligent repair of the road, whereby the foundation of the tree was impaired and subsequently undermined by water flowing in the ditch along said road, there is a fatal variance between the allegations and the facts in the case, and therefore the plaintiff cannot recover. *Answer:* That raises a question of pleading which is not one of fact, but of law. We decline to affirm that point inasmuch as the declaration sets forth that the tree was dangerous. [1]

6. The evidence being undisputed that the plaintiff was upon the street of the defendant at the time of the accident as a motorman employed by the Wyoming Valley Traction Company, and as such employee was at the time running a car by virtue of a license granted the said company by the borough, before he, the plaintiff, can recover damages in this case he must show that he complied with the conditions incorporated in said ordinance on the basis of which the license was granted to the company.

7. It was one of the conditions contained in said ordinance that the cars of the said company should not be run at a rate of speed more than eight miles per hour, and there is no evidence that the plaintiff was complying with this provision of the ordinance at the time of the accident, and therefore the plaintiff is not entitled to recover.

8. The evidence of the plaintiff himself is that he was running his car at its greatest speed at the time of the accident, which he testified was fifteen miles per hour, and subsequently when given an opportunity to fix a lower rate of speed in correction of his first testimony, he fixed no definite rate of speed below that first given. On this point there is no other testimony. It fails to show a compliance with the ordinance, but shows that the ordinance was violated at the time, and, therefore, he being an employee of the licensee on the highway, his

rights can rise no higher than those of his employer, and he cannot recover.

9. The evidence establishing the fact that at the time of the accident the car was running at a rate of speed in excess of that allowed by the ordinance under which the traction company accepted its privilege in the defendant borough, the violation of this ordinance bringing the plaintiff to the place where alone the accident was possible, such running of the car was contributory negligence, and the plaintiff cannot recover. *Answer :* To affirm these points, all bearing upon one question, would be in effect to take the case entirely from the jury, and this we decline to do, and for our further answer to these points we refer to our general charge. [2]

Verdict and judgment for plaintiff for $3,162.50. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*S. J. Strauss,* with him *Charles B. Lenahan,* for appellant, cited Phila. & Reading R. R. Co. v. Ervin, 89 Pa. 71; Troy v. R. R. Co., 49 N. Y. 657; Penna. R. Co. v. Langdon, 92 Pa. 21 ; Norristown v. Moyer, 67 Pa. 359.

*John McGahren,* with him *Andrew M. Freas* and *Michael H. McAniff,* for appellee, cited McGrew v. Stone, 53 Pa. 436; Gates v. Penna. R. Co., 154 Pa. 566; Christman v. R. R. Co., 141 Pa. 604; Smith v. R. R. Co., 158 Pa. 82; R. R. Co. v. Greiner, 113 Pa. 600; Bradwell v. Ry. Co., 139 Pa. 404; Sopherstein v. Bertels, 178 Pa. 401; Davidson v. Traction Co., 4 Pa. Superior Ct. 94; Lederman v. R. R. Co., 165 Pa. 119; Connor v. Traction Co., 173 Pa. 602; Mohney v. Cook, 26 Pa. 342; Piollet v. Simmers, 106 Pa. 96 ; Baughman v. R. R. Co., 92 Pa. 335; Ry. Co. v. Boudrou, 92 Pa. 475.

OPINION BY MR. JUSTICE FELL, May 8, 1899:

The plaintiff was a motorman in the employ of the Wilkes-Barre and Wyoming Valley Traction Company on its line running from Wilkes-Barre to the borough of Sugar Notch. The ordinance by virtue of which the company was permitted to lay its track and operate its cars in the borough of Sugar Notch con-

tained a provision that the speed of the cars while on the streets of the borough should not exceed eight miles an hour. On the line of the road, and within the borough limits, there was a large chestnut tree, as to the condition of which there was some dispute at the trial. The question of the negligence of the borough in permitting it to remain must, however, be considered as set at rest by the verdict. On the day of the accident the plaintiff was running his car on the borough street in a violent wind-storm, and as he passed under the tree it was blown down, crushing the roof of the car and causing the plaintiff's injury. There is some conflict of testimony as to the speed at which the car was running, but it seems to be fairly well established that it was considerably in excess of the rate permitted by the borough ordinance.

We do not think that the fact that the plaintiff was running his car at a higher rate of speed than eight miles an hour affects his right to recover. It may be that in doing so he violated the ordinance by virtue of which the company was permitted to operate its cars in the streets of the borough, but he certainly was not for that reason without rights upon the streets. Nor can it be said that the speed was the cause of the accident, or contributed to it. It might have been otherwise if the tree had fallen before the car reached it; for in that case a high rate of speed might have rendered it impossible for the plaintiff to avoid a collision which he either foresaw or should have foreseen. Even in that case the ground for denying him the right to recover would be that he had been guilty of contributory negligence, and not that he had violated a borough ordinance. The testimony however shows that the tree fell upon the car as it passed beneath. With this phase of the case in view, it was urged on behalf of the appellant that the speed was the immediate cause of the plaintiff's injury, inasmuch as it was the particular speed at which he was running which brought the car to the place of the accident at the moment when the tree blew down. This argument, while we cannot deny its ingenuity, strikes us, to say the least, as being somewhat sophistical. That his speed brought him to the place of the accident at the moment of the accident was the merest chance, and a thing which no foresight could have predicted. The same thing might as readily have happened to a car running slowly, or it might have been that a high speed

alone would have carried him beyond the tree to a place of safety. It was also argued by the appellant's counsel that, even if the speed was not the sole efficient cause of the accident, it at least contributed to its severity, and materially increased the damage. It may be that it did. But what basis could a jury have for finding such to be the case; and, should they so find, what guide could be given them for differentiating between the injury done this man and the injury which would have been done a man in a similar accident on a car running at a speed of eight miles an hour or less?

The judgment is affirmed.