NILSON, RESPONDENT, *v.* CITY OF KALISPELL, APPELLANT.

(No. 3,282.)

(Submitted April 18, 1913.  Decided May 17, 1913.)

[132 Pac. 1133.]

*Personal Injuries—Cities and Towns—Defective Streets—Pre-*
*sumptions—Contributory Negligence—Instructions — Theory*
*of Case—Excessive Verdict.*

Personal Injuries—Cities and Towns—Contributory Negligence—Complaint
—Sufficiency.
    1.   The complaint in an action against a city, charging that the proximate cause of plaintiff's injuries was defendant's negligence in leaving unguarded an excavation in one of its streets into which he fell, was not open to attack on the ground that though it appeared from the allegations therein that the accident was due to his own act, it failed to state facts exculpating him from the imputation of contributory negligence in acting as he did.

Same—Instructions—Theory of Case—Binding on Appeal.
    2.   Defendant city having acquiesced in the giving of an instruction that as contributory negligence had not been pleaded or shown by the evidence of either party, plaintiff must be assumed to have used the street in a proper manner and without negligence, was bound by the theory of the case thus adopted, and was not in position to urge a reversal of the judgment on the alleged ground that the evidence showed contributory negligence on plaintiff's part.

Same—Contributory Negligence—Jury Question.
    3.   Whether the city had exercised reasonable care to keep the street in a condition for use by providing a safe driveway twelve or fourteen feet wide in the middle of the street, into an excavation in which plaintiff fell while riding a bicycle, *held* a jury question.

Same—Contributory Negligence—Presupposes Negligence on Part of Defendant.
    4.   A charge made by defendant that plaintiff was guilty of contributory negligence in using the street the way he did when he was injured presupposes actionable negligence on the part of the city.

Same—Streets—Safety—Presumptions.

5.   Though a traveler on a city street may not close his eyes to an obvious danger, he is not obliged to make a special effort to discover defects; he may presume that the thoroughfare is in an ordinarily safe condition.

Same—Contributory Negligence—Appeal.

6.   In the absence of anything indicating such an inherent improbability in the evidence of plaintiff as to deny it credibility, and in view of the verdict of the jury in his favor and the action of the trial court in passing upon defendant's motion for a new trial, the supreme court will not say that plaintiff should not have recovered because he was shown to have been negligent as a matter of law.

Same—Excessive Verdict—Review.

7.   Verdict for $3,500 for personal injuries to plaintiff, a skilled mechanic of the age of forty-four years of age, who, at the time of the accident, was earning from $160 to $175 per month, and for nine months thereafter was under a physician's care, for six or seven months of which time he had not been able to earn anything, whose earning capacity up to the time of the trial had been reduced about $100 per month, and who had incurred doctor's and hospital bills for about $375, *held* not excessive.

*Appeal from District Court, Flathead County; J. E. Erickson, Judge.*

Action by C. N. Nilson against the city of Kalispell. Judgment for plaintiff. Defendant appeals from the judgment and an order denying its motion for a new trial. Affirmed.

Cause submitted on briefs of counsel.

*Mr. J. R. Wine, Jr.,* and *Mr. W. B. Rhoades,* for Appellant.

Where plaintiff's own act is the proximate cause of his injury, he must allege and prove facts showing that he was free from negligence. Under this rule, the trial court should have sustained defendant's demurrer herein. (*Kennon* v. *Gilmer,* 4 Mont. 433, 2 Pac. 21; *Badovinac* v. *Northern Pac. Ry. Co.,* 39 Mont. 454, 104 Pac. 543; *Lynes* v. *Northern Pac. Ry. Co.,* 43 Mont. 317, Ann. Cas. 1912C, 183, 117 Pac. 81.)

Passing from the proposition of contributory negligence and proximate cause as merely a question of pleading, we call attention to the authorities dealing with this question as a matter of substantive law. It is appellant's contention that respondent was guilty of such gross and inexcusable negligence in leaving the usually traveled highway twelve feet in width and riding

into the trench, that the trial court should have held as a matter of law that he could not recover. (See Thompson on Negligence, secs. 44, 6235; *Meehan* v. *Great N. Ry. Co.,* 43 Mont. 72, 114 Pac. 781.)

As particularly applicable to the facts in this case, we cite *Zvanovich* v. *Gagnon & Co.,* 45 Mont. 180, 122 Pac. 272, to show that plaintiff was guilty of such contributory negligence that he should have been nonsuited. (See, also, Elliott on Roads and Streets, secs. 187, 189; *Lerner* v. *Philadelphia,* 221 Pa. 294, 21 L. R. A. (n. s.) 614, 70 Atl. 755.)

Travelers upon streets have to use all reasonable care and caution to avoid danger; they cannot carelessly run into danger and then make others pay for their negligence. (*Pierce* v. *City of Wilmington,* 2 Marv. (Del.) 306, 43 Atl. 162; *Carswell* v. *City of Wilmington,* 2 Marv. (Del.) 360, 43 Atl. 169; *Cohn* v. *Kansas City,* 108 Mo. 387, 18 S. W. 973; *Cooper* v. *City of Dallas,* 83 Tex. 239, 29 Am. St. Rep. 645, 18 S. W. 565.)

While a city owes its citizens the duty to keep its highways safe for a person to pass over, the citizen owes to it the duty to use his senses and not run into obstructions he is familiar with, or which, with the exercise of ordinary care, he could discover and easily avoid. (*Jackson* v. *Kansas City,* 106 Mo. App. 52, 79 S. W. 1174.) Although a traveler on a public street has the right to assume that the sidewalk is in a safe condition and is not required to anticipate danger, he is not excused from the exercise of his faculties; and when reasonable attention on his part would enable him to avoid an open and obvious danger, he cannot recover if he has neglected to exercise that ordinary and reasonable care which is expected and required of everyone. (*Osborne* v. *Pulaski Light & Water Co.,* 95 Va. 16, 27 S. E. 812.)

A person in full possession of his faculties, passing over a street or sidewalk in daylight, with no crowd to jostle or disturb him, no intervening obstacles to obscure sudden danger, and no sudden occurring cause to distract his attention, is under obligation to use his eyes to direct his footsteps; if he does not do so, he is negligent; and if under such circumstances he falls into a hole, he cannot recover for the injuries sustained. (*Kewanee* v.

*Depew,* 80 Ill. 119; *Robb* v. *Connellsville Borough,* 137 Pa. 42, 20 Atl. 564.)   And it is the duty of the traveler passing along a street to see and observe any dangerous places in the street, and if he is guilty of negligence in stepping on a dangerous place, which contributed to his injury caused thereby, he cannot recover.   (*Tucker* v. *Salt Lake,* 10 Utah, 173, 37 Pac. 261.)   A person walking along a public street is bound to use his faculties for observation in an ordinary and reasonable way, proportionate to the dangers to be apprehended from the time, place and existing conditions.   (*Valparaiso* v. *Schwerdt,* 40 Ind. App. 608, 82 N. E. 923; *Robb* v. *Connellsville Borough,* 137 Pa. 42, 20 Atl. 564.)

*Messrs. Logan & Child,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On the evening of November 4, 1910, while plaintiff was riding a bicycle along First street, in the city of Kalispell, he ran into an unguarded excavation, was thrown to the ground and injured. He brought this action and recovered a judgment for $3,500. The city has appealed from the judgment and from an order denying it a new trial.

There is presented to us a record of more than eighty pages, which does not contain a single exception reserved by either party.   The appellant contends: (a) That the complaint does not state a cause of action; (b) that the evidence shows that plaintiff was guilty of contributory negligence as a matter of law; and (c) that the verdict is excessive.

1. The complaint is attacked because it fails to state facts exculpating plaintiff from the imputation of contributory negli-
[1]   gence which it is claimed necessarily flows from the allega- . tions detailing the facts of the injury.   The complaint describes the excavation in the street; charges the city with knowledge and with negligence in failing to provide warning signals and then—to make a brief summary—alleges that while plaintiff was riding along this street in the night-time, without knowledge of

any obstruction, he ran into this excavation, was thrown to the ground and injured.

Counsel for appellant invoke the rule applied in *Kennon* v. *Gilmer*, 4 Mont. 433, 2 Pac. 21, *Badovinac* v. *Northern Pac. Ry. Co.*, 39 Mont. 454, 104 Pac. 543, and *Lynes* v. *Northern Pac. Ry. Co.*, 43 Mont. 317, Ann. Cas. 1912C, 183, 117 Pac. 81. In each of those cases the plaintiff alleged in his complaint that he jumped from a moving vehicle and sustained the injury of which he complained. This court held in each instance "that where plaintiff's own act is a proximate cause of his injury, he must allege and prove that in doing the particular act he was moved by those considerations for his own safety which would actuate a reasonably prudent person, similarly situated, to do as he did." But the rule of those cases has no application here. As pointed out in the recent decision in *Hollenback* v. *Stone & Webster Engineering Corp.*, 46 Mont. 559, 129 Pac. 1058, the rule above referred to applies only to a complaint which shows affirmatively that the proximate cause of plaintiff's injury was his own act. This complaint charges that the negligence of the city in leaving the excavation unguarded was the proximate cause of plaintiff's injury, and for this reason it is not open to the attack made upon it.

2. Does the evidence show contributory negligence on plaintiff's part as a matter of law? Waiving the question of the [2] city's right to have this determined under the specifications made, and in the light of the fact that certain exhibits used upon the trial are not before us, and it is therefore extremely difficult to understand much of the evidence, and we have presented about the following facts: Plaintiff and one Anderson, each riding a bicycle, were traveling on First street in Kalispell, going toward the business section of the city a few minutes after 6 o'clock on the evening of November 4, 1910; when they reached the intersection of First street and Second avenue east, Nilson, who was riding a few feet to one side of the center of the street and six or eight feet in advance of Anderson, ran into an excavation from three to six inches deep, made in the street by a contractor for the city in laying a concrete sidewalk; the excavation

was unguarded; there was a street light of some character—probably an arc-light—on one corner of the intersection of these streets, but notwithstanding this fact neither plaintiff nor Anderson saw the excavation or knew of its existence until Nilson fell; it was dark; the sun set about 4:58 P. M. on that day and twilight disappeared about 5:30; it was so dark at the point where plaintiff fell that the character of the wounds on his head and face could not be determined until he was removed into the light; the street light was not burning brightly some two hours after the accident; the condition of the street had been the same for some considerable time; the work was being done under contract with the city.   There is evidence given on behalf of the city which is in conflict with plaintiff's version, but the trial court instructed the jury that "in this case, contributory negligence has not been pleaded, nor has there been any evidence offered by the defendant showing or tending to show contributory negligence on the part of the plaintiff and in the absence of any proof to the contrary, you are bound to assume that the plaintiff was using the street as a highway in a proper manner and without negligence, unless the proof offered by him shows that he was himself negligent in the use of the highway."   There was no exception saved to this portion of the charge, and the city is now bound by that theory of the case.

It is no argument at all to say that if plaintiff had traveled in the middle of the street he would not have been injured, for there was a safe driveway about twelve feet wide provided in that part of the street.   The most favorable view for appellant [3]   which can be entertained under the circumstances is that it was a question for the jury whether the city had exercised reasonable care to keep the street in a condition for use, by providing a safe driveway twelve or fourteen feet wide.   (*Meisner* v. *City of Dillon,* 29 Mont. 116, 74 Pac. 130.)

The very charge now made by the city that the plaintiff was guilty of contributory negligence presupposes actionable negli- [4]  gence on the city's part.   (*Birsch* v. *Citizens' Electric Co.,* 36 Mont. 574, 93 Pac. 940; *Wastl* v. *Montana Union Ry. Co.,*

24 Mont. 159, 61 Pac. 9.)    Of course, if plaintiff's attention had been attracted to the excavation before he reached it, he probably would not have been injured; but his attention was not attracted to it, even though he was looking directly ahead when he ran into the excavation and the city failed to display any signals of the danger.    While plaintiff could not close his eyes to any **[5]**  obvious danger, he was not required to devote his time and attention to an effort to discover defects in the street.    The rule applicable is well stated in *McCabe* v. *City of Butte*, 46 Mont. 65, 125 Pac. 133, as follows: ''A traveler upon a public street has the right to presume that it is in an ordinarily safe condition, because the law enjoins upon the authorities of the municipality the duty to exercise ordinary diligence to make and keep the streets in a reasonably safe condition for public travel; and when they are rendered unsafe by reason of repairs being made therein, or have become defective or unsafe from any cause, and the authorities have notice of the condition or the circumstances are such as to warrant a presumption of notice, the duty to warn the public by lights or other means, while repairs are made, also arises.    The traveler is not bound to make investigations, and he cannot be charged with negligence if he fails to do so.''  . (See, also, 5 Thompson on Negligence, sec. 6238.)

The instructions fairly presented to the jury the duty imposed upon plaintiff as well as the rights and liabilities of the city. **[6]**  Under the facts and circumstances as thus presented by this defective record, we are entirely unwilling to say that the plaintiff is shown to have been negligent as a matter of law.    The best that can be said of the evidence is, that it presents a proper case for the jury.    The jurors were the judges of the credibility of plaintiff and his other witnesses.    The plaintiff's story was accepted as true by the jury and by the trial court in passing upon the motion for a new trial.    In the absence of anything indicating such inherent improbability in the story as to deny its credibility, we are not disposed to question the truth of his statements.    (*Lehane* v. *Butte El. Ry. Co.*, 37 Mont. 564, 97 Pac. 1038.)

The facts of this case are not at all similar to those considered in *Zvanovich* v. *Gagnon & Co.*, 45 Mont. 180, 122 Pac. 272.

3. Finally, appellant insists that the verdict is excessive. We shall not undertake to give even a summary of the evidence. There is not any fixed standard by which to measure the money compensation for a personal injury. In every instance where the elements of pain and suffering enter into consideration, much must be left to the enlightened judgment and common sense of the jurors. In *Bourke* v. *Butte El. Ry. Co.*, 33 Mont. 267, 83 Pac. 470, this court said: "However, the elements of physical and mental pain and suffering are entirely uncertain and no fixed standard can be established for ascertaining the damages occasioned by them. The amount must, of necessity, rest in the sound discretion of the jury, and courts are very reluctant to interfere with the verdict upon the ground that it is excessive or insufficient. The parties are entitled to a verdict from the jury, and courts ought not to substitute their judgments for those of juries, except in those exceptional cases where it manifestly appears that the jurors made a mistake in calculation, considered an item or items of damages which should not have been considered or abused that sound discretion which by law is vested in them." Again, in *Hollenback* v. *Stone & Webster Engineering Corp.*, above, it was said: "If it is possible from the evidence in this record to account for the amount of the verdict, then this court ought not to interfere.    *    *    * Under the statute, the amount of the verdict must, of necessity, rest in the sound discretion of the jury. The parties are entitled to a verdict from the jury; and it is only in rare instances that the court is justified in interfering, unless the record discloses that the elements of passion and prejudice have influenced the minds of the jurors in arriving at the result."

At the time of his injury, plaintiff was an able-bodied man, forty-four years of age, with a life expectancy of about twenty-five years. He was apparently a skilled mechanic—a wood-worker by occupation—capable of earning, and actually earning, from $160 to $175 per month. For the first nine months after the injury he was under the doctor's care and for six

or seven months of that time he was not able to earn anything and for the next eleven months, up to the time of the trial, his earning capacity was reduced more than $100 per month. He incurred doctors' bills for about $300 and a hospital bill of from $50 to $75. The jury had the opportunity to observe something of plaintiff's condition at the time of the trial, more than eighteen months after he received his injuries. They heard his story and the testimony of the physicians, and returned a verdict for $3,500. Three-fourths of this amount can be accounted for without taking into consideration plaintiff's pain or suffering or his impaired earning capacity after the date of the trial. Under these circumstances it cannot be seriously urged that the verdict is excessive.

The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.

