TIDDY, Respondent, *v.* CITY OF BUTTE, Appellant.

(No. 7,647.)

(Submitted February 13, 1937. Decided March 1, 1937.)

[65 Pac. (2d) 605.]

*Mr. F. C. Fluent,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. H. J. Freebourn* and *Mr. N. A. Rotering,* for Respondent, submitted a brief; *Mr. Rotering* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

This is an action for damages for personal injuries alleged to have been sustained by the plaintiff on account of a defective sidewalk on Caledonia Street in the city of Butte.

October 19, 1935, between the hours of 11 and 12 o'clock P. M., the plaintiff, in company with the witness Frank Stafford, was on his way home and, after stopping to talk for a few minutes on the alley crossing near the place of the accident, Stafford started across the street in the direction of his home and the plaintiff proceeded west on Caledonia Street. Stafford, after proceeding a few steps and hearing the plaintiff stumble, turned around but could see nothing of the plaintiff. There were street lights at either end of the block near the center intersection of the cross streets, and Stafford testified that he could have seen the plaintiff if he had been on the sidewalk, and, not seeing him, he hurried back and on looking over the embankment saw the plaintiff lying face down at the bottom of an excavation near the sidewalk. Oral and photographic evidence was introduced to show that a house had formerly been located over an excavation just at the side of and adjoining the sidewalk. The house had either been destroyed or torn down and the material moved away, leaving rocks and rubbish in the bottom of the excavation. The evidence also shows that a concrete basement wall had been built up between the sidewalk and the excavation or basement of the building, and such wall was apparently attached to the concrete sidewalk and extended some eight inches above the top of the walk. In the concrete wall iron posts had been fixed and iron bars or strips attached to the posts, and the whole supported an iron railing which had theretofore made a substantial fence or barrier between the sidewalk and the excavation. An opening had been left in the upper part of the concrete wall and the fence for steps leading down into the excavation or basement.

It appears from the photographs and other evidence that three posts had originally been placed in the cement between

the end of the wall at the alley intersection and the opening where the steps led down from the sidewalk to the basement, but only two of such posts were in place at the time of the accident, the one nearer the basement entrance being gone. All that was left of the original railing were the two posts nearest the alley and the lower cross-bar between the two remaining posts, such cross-bar appearing to rest down near the top of the concrete wall in which the posts were fixed. Obviously, the plaintiff had fallen off the sidewalk over the concrete wall somewhere between the alley line and the open space for the down stairway steps.

When Stafford reached the plaintiff after the fall, he appeared to be dazed but was trying to get up, and was bleeding at the nose and mouth. Stafford helped him to his feet and took him home a few blocks away where the plaintiff was able to go with Stafford's assistance. Stafford and plaintiff's wife gave plaintiff such first aid as they could by way of stopping the flow of blood, and he was then taken to the Murray Hospital where it afterwards developed that both wrists were broken, and he was bruised and cut about the face and various parts of the body and complained of severe pain.

In addition to the foregoing facts, the complaint alleges, in substance, that plaintiff stumbled over a defective place in the sidewalk and fell over into the excavation adjoining the sidewalk and, in addition to breaking his wrists, strained his neck, back, and legs and was made lame, and his nose was bruised and bent so he could not breathe from the left side; and that he suffered great shock from his injuries and grievous physical and mental pain. It is alleged that the defective condition of the sidewalk had existed for more than thirty days immediately prior to the accident and that the defendant knew, or by the exercise of due diligence should have known, of such condition; that a portion of the concrete had become worn and broken away and that there was a hole where the concrete had worn away, leaving that part of the surface several inches below the surface of the other portions; that he stepped into the broken place in the sidewalk and stubbed the toe of his

shoe against the part of the cement sidewalk that had not been broken and which extended several inches above the hole where the cement had worn away, and that he was caused to stumble and fall; that the distance he fell from the sidewalk to the bottom of the excavation was approximately ten feet; that the railing between the sidewalk and the excavation that had once been there had been torn away except two iron posts about six feet apart and one cross-strap running parallel with and a few inches above the upper part of the cement wall, and that after he stumbled and lost his balance there was no substantial fence or barrier to prevent his falling into the excavation; that there were no signals to warn persons of danger in traveling over the sidewalk, and that it was one of the principal thoroughfares of the defendant city; that by reason of the injuries sustained plaintiff was compelled to obtain the services of physicians and surgeons, hospital accommodations, and incur other expenses. It was further alleged that plaintiff was by occupation a carpenter and that he was earning the sum of $37.50 per week at the time of the accident and was unable to work for several weeks thereafter.

Defendant's demurrer to the complaint was overruled. The answer, after admitting the incorporation of the city, denied all the material allegations of the complaint and then, by way of affirmative defense, alleged contributory negligence on the part of plaintiff. The affirmative matter in the answer was denied by the reply.

The cause was tried before the court sitting with a jury and a verdict was returned in favor of the plaintiff fixing his damages at $3,000, and judgment was entered accordingly. Defendant's motion for a new trial was made, argued and denied. The appeal is from the judgment.

Defendant assigns seven specifications of error which will be taken up in order. Specification No. 1 is directed to the court's instruction No. 3 given to the jury. Such instruction was, in substance, that if the jury found that the sidewalk at the time and place where the accident occurred was not in a reasonably safe condition for travel by foot travelers and pas-

sengers, by reason of the condition of the concrete and by the further reason of the absence of any fence or barrier, and that the defendant knew, or by the exercise of ordinary care and diligence should have known, of the unsafe condition of such sidewalk for a period of time reasonably sufficient to have remedied the same before the injuries to the plaintiff, and "if plaintiff on October 19, 1935, while in the exercise of ordinary and reasonable care was walking on said sidewalk and stepped into the said worn and or broken away part of said concrete and stumbled and was caused to fall and sustained the injuries complained of, then your verdict must be in favor of the plaintiff and against the defendant."

This was the only instruction tendered by the plaintiff that was objected to by the defendant. The objection advanced by its counsel was that such instruction "fails to take into consideration elements of due care and reasonable diligence" imposed upon plaintiff. We think the instruction imposes such reasonable care on both parties as to bring it into entire harmony with established rules and that the objection made at the time and reiterated now is without merit.

Specification numbered 2 is directed to instruction No. 11. This instruction was tendered by defendant, who contends the law embodied therein was ignored by the jury in that the testimony shows that plaintiff failed to exercise ordinary care under the circumstances. Instructions must be considered in their entirety (*McGonigle* v. *Prudential Ins. Co.,* 100 Mont. 203, 46 Pac. (2d) 687; *Russell* v. *Sunburst Ref. Co.,* 83 Mont. 452, 272 Pac. 998), and, as a whole, we find no error in the instructions given. Instruction No. 11, in substance, is to the effect that the traveler on the sidewalks of the city has a right to assume that the municipality will keep its sidewalks in such a condition as to be a reasonably safe place for travel, but imposes upon the traveler ordinary care and caution, taking into account the existing climatic conditions, visibility and familiarity or lack of familiarity with the surrounding conditions, and that any failure on the part of the traveler to exercise ordinary care constitutes contributory negligence, and that

even though there was negligence on the part of the defendant, failure of the plaintiff to exercise ordinary diligence which contributes to the happening of the injury deprives the plaintiff of the right to recover. We think the evidence clearly supports the verdict on the question of contributory negligence, and the verdict is not in conflict with the instructions.

In considering the question of contributory negligence, it is necessary to take into account the proximate cause of the injury in connection with the contributory negligence alleged. This court held in *Fulton* v. *Chouteau County Farmers' Co.*, 98 Mont. 48, 37 Pac. (2d) 1025, that to bar recovery by plaintiff in a personal injury action on the ground of contributory negligence, it is not sufficient that he was negligent; it is only when his negligence contributed to the injury at the time it was inflicted and was a proximate, and not a remote, cause of the injury that he cannot recover. We think the negligence of the defendant is shown in both the defective sidewalk and in defendant's not protecting the public against the excavation contiguous thereto, and, as to plaintiff's contributory negligence, one is not required to devote his time and attention to discover defects in the municipal sidewalks on which he travels. He has a right to assume they are in a reasonably safe condition, but he may not close his eyes to obvious danger. (*Nilson* v. *City of Kalispell*, 47 Mont. 416, 132 Pac. 1133.)

The question of contributory negligence in a personal injury action is generally one of fact for the jury's determination. It is only when but one reasonable conclusion can be reached from the facts that the court will determine it as a matter of law. (*Mullins* v. *City of Butte*, 93 Mont. 601, 20 Pac. (2d) 626; *Autio* v. *Miller*, 92 Mont. 150, 167, 11 Pac. (2d) 1039; *Brown* v. *Columbia Amusement Co.*, 91 Mont. 174, 6 Pac. (2d) 874; *Sullivan* v. *City of Butte*, 87 Mont. 98, 285 Pac. 184; *McKeon* v. *Kilduff*, 85 Mont. 562, 281 Pac. 345; *Kelley* v. *John R. Daily Co.*, 56 Mont. 63, 181 Pac. 326.) In other words, so long as there is substantial evidence tending to negative an allegation of contributory negligence this court by a long line

of decisions has held that it will not disturb a judgment founded on the verdict of the jury.

Defendant further contends, under this assignment, that the ▉ fact that plaintiff was blind in his left eye, which was admitted, caused him to fail to carefully observe the defective sidewalk. We find nothing in the evidence which tends to show that such ¯ ᵉⁿative eyesight was the proximate cause of the accident. In *Sweeney* v. *City of Butte,* 15 Mont. 274, 39 Pac. 286, the evidence tended to establish the fact that the plaintiff was near-sighted, and defendant requested the court to instruct the jury that if the defect of sight, coupled with exposure to danger, was the cause of the injury complained of, which otherwise would not have occurred, the jury would be justified in finding the plaintiff guilty of contributory negligence; but this court held that refusal to give such instruction was not error; and in view of the fact that we find no evidence to support the contention that the plaintiff's defective eyesight here was the proximate cause of the accident, we think the contention is without merit. (See, also, *Gohn* v. *Butte Hotel Co.,* 88 Mont. 599, 295 Pac. 262.)

Under specification No. 3 it is contended that the jury ▉ ignored instruction numbered 18 which was to the effect that the defendant had no right to go upon private property outside the street line to remedy the condition complained of. We think it was obligatory upon the defendant to make and keep its sidewalks in a reasonably safe condition for pedestrians, and defendant's contention on this question is without merit, for the reasons: (1) We think the evidence clearly establishes the fact that the defective sidewalk was the proximate cause of the accident, and not the fall into the excavation near at hand; and (2) if the excavation at the side of the sidewalk was a menace to pedestrians, which it clearly appears to have been, it was the duty of the municipality to remedy the situation and to remove the menace. This it could have done by erecting a barrier at the line of the sidewalk next to the excavation, or by putting up some sort of warning of danger in the vicinity, or by any other legal mode or means

necessary to remedy the condition. The rule requiring ordinary care on the part of the municipality to keep the sidewalks reasonably safe extends to dangerous conditions near the sidewalks. (*City of Miami* v. *Finley*, 112 Okl. 97, 240 Pac. 317; 43 C. J. 1038; *Olsen* v. *City of Chippewa Falls*, 71 Wis. 558, 37 N. W. 575; *Hall* v. *Incorporated Town of Manson*, 99 Iowa, 698, 68 N. W. 922, 34 L. R. A. 207; *Mayor and City Council of Baltimore* v. *Eagers*, 167 Md. 128, 173 Atl. 56; *City of Baumont* v. *Kane*, (Tex. Civ. App.) 33 S. W. (2d) 234; *Lipscomb* v. *Cincinnati, N. & C. St. Ry. Co.*, 239 Ky. 587, 39 S. W. (2d) 991.)

We think the rule stated in 7 McQuillin on Municipal Corporations, second edition, page 213, is generally accepted. It is there said: "If a sidewalk is so near an excavation, steep embankment, or other dangerous place, as to render it unsafe, it is the duty of the municipality to guard the walk by railings or barriers so as either to prevent accidents or at least to warn passers-by of the danger; and this is also true where the sidewalk is several feet above the ground."

In 43 C. J. 1038, it is said: "On the other hand, if there are excavations, declivities, embankments, or other dangerous defects or obstructions close to the way, which, because of failure of the local authorities to erect fences or barriers, or to take other reasonable precautions, render the street itself unsafe, and a traveler, without fault on his part, but as a result of an inadvertent deviation or an accidental misstep, falls and sustains injury, the municipality will be liable; and it is immaterial that the dangerous place is at the end of instead of alongside of the street, if the nearness of such place renders the street unsafe for public use. The same rule has been applied when the dangerous place is situated partly on the street and partly on abutting land."

The cause of the accident here was the defective sidewalk; ▉▉▉ the unprotected excavation where the old house had stood was a menace that should have served as a warning to the city officials to do what was necessary to protect persons from injury who were passing that way. The evidence clearly

establishes the fact that the condition had existed for several years. And here again it is generally held that the question as to whether a sidewalk is defective or not is for the jury; and when it is found by the jury that there was a defect, such conclusion will not be interfered with if there is any substantial evidence to support the verdict. (*Marsh* v. *Ayers*, 80 Mont. 401, 260 Pac. 702, and cases cited.)

Defendant's last contention is to the effect that the verdict of $3,000 is excessive, and that such verdict was necessarily the result of passion and prejudice on the part of the jury.

The evidence shows that both the plaintiff's wrists were broken; that he was practically helpless and had to be fed by his wife for more than a month; that he was bleeding from the mouth and nose when he reached his home, his face cut and bruised, his body was generally bruised and strained, and his return to normal physical condition was not accomplished for several months. The attending physicians testified that he made a nice recovery and they did not believe he would suffer any permanent injury from the fractured wrists; but he undoubtedly suffered much pain and inconvenience from the fall into the excavation, incurred expenses for medical attention, and suffered loss of wages. We think therefore that the verdict is not unreasonable. The amount of damages fixed by the verdict is clearly supported by the following decisions of this court: *Fulton* v. *Chouteau County Farmers' Co.*, supra; *Mullins* v. *City of Butte*, supra; *Autio* v. *Miller*, supra; *Brown* v. *Columbia Amusement Co.*, supra; *Sullivan* v. *City of Butte*, supra; and *Nilson* v. *City of Kalispell*, supra.

After a consideration of all of the contentions of the defendant and after carefully reviewing the evidence, we are clearly of the opinion that the record shows no substantial error and that the damages as fixed by the jury are not excessive.

The judgment is affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and ANGSTMAN concur.