DON BOLSTAD, Plaintiff and Respondent, *v.* JORGEN
GROSKURTH, Defendant and Appellant.
No. 10127.
Submitted January 12, 1961. Decided March 15, 1961.
Rehearing Denied March 28, 1961.
360 P.2d 101.

Vernon Hoven, O. M. Astrup, Missoula, for appellant. O. M. Astrup argued orally for appellant.

Ludvig Tande, Plentywood, Milton G. Anderson, Sidney, for respondent. Milton G. Anderson argued orally for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment in favor of the plaintiff entered upon a jury verdict. The case arose out of a motor vehicle collision. On appeal the defendant contends that contributory negligence on the part of the plaintiff's driver bars recovery by the plaintiff.

The facts are as follows: On March 27, 1958, at approximately 10:00 a.m. the defendant was driving his one-half ton pickup in an easterly direction on a dry, graded asphalt highway, called the Grenora road in Sheridan County, Montana. At the same time the plaintiff's brother was driving plaintiff's two ton truck in the same direction some distance behind the defendant. While plaintiff's driver attempted to pass the de-

fendant the defendant edged into the left lane and the two vehicles collided, whereupon the plaintiff's truck ran off the left side of the highway into the ditch and upset.

The plaintiff's complaint alleged that the collision and damage were caused by the defendant's negligent operation of his vehicle. The defendant claimed that the plaintiff's driver was guilty of contributory negligence in failing to use due care in his attempt to pass the defendant's vehicle.

The defendant's specification of error claims that it was error for the trial court to deny his motion for a new trial for the reason that the undisputed testimony indicated contributory negligence on the part of the plaintiff's driver as a matter of law.

In order to test the validity of this specification of error we will first examine the grounds of the defendant's motion for a new trial. Those grounds were (1) that the damages were awarded to the plaintiff under the influence of prejudice, and (2) that the verdict was not supported by sufficient evidence, but was contrary to the evidence.

Although the defendant claims prejudice in the award of damages to the plaintiff, the amount of the jury's verdict was the exact amount of damages proved by the plaintiff. The jury was instructed that if it found the issues in favor of the plaintiff and against the defendant it was to fix in its verdict the amount which the plaintiff was entitled to recover, not exceeding the actual damages proved. This instruction, given upon request of the defendant himself and without objection from the plaintiff, became the law of the case as to damages. Since the defendant failed to show that the jury was influenced by prejudice in acting upon the instructions or in awarding damages there was no error in overruling the first ground of the motion for a new trial.

Likewise the defendant failed to show either that the verdict was not supported by sufficient evidence or that it was contrary to the evidence. There was ample evidence to

prove the amount of the damages suffered by the defendant as a result of the collision. The jury viewed the scene of the accident under the supervision of the court officers prior to the taking of any testimony in the case. After hearing the testimony of all the witnesses the jury was fully instructed on the law of the case. There was substantial evidence to justify the jury in finding negligence on the part of the defendant and in not finding contributory negligence on the part of the plaintiff. Therefore, the defendant's second ground of the motion for a new trial was also without merit, and the motion was properly denied.

The defendant claims that it was error for the trial court "to deny defendant's motion for a new trial for the reason that the undisputed testimony indicates contributory negligence on the part of the plaintiff's driver as a matter of law."

In this jurisdiction it is the rule that contributory negligence is a matter of defense, to be established by a preponderance of the evidence. Carey v. Guest, 78 Mont. 415, 427, 258 P. 236, 239, McKeon v. Kilduff, 85 Mont. 562, 569, 281 P. 345, 347.

In Haney v. Mutual Creamery Co., 67 Mont. 278, 284, 215 P. 656, 657, the court stated that "it is a rare case that the acts of the plaintiff may be held by the court to constitute contributory negligence as a matter of law. The facts must be such that reasonable men can reach no other conclusion than that the plaintiff's negligence was the proximate cause of the injury. 'As a general rule, the issue of negligence and contributory negligence must be decided by the jury under appropriate instructions.' Puckett v. Sherman & Reed, 62 Mont. 395, 205 P. 250." See Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 68, 37 P.2d 1025, 1031, cited in Monforton v. Northern Pacific Ry. Co., 138 Mont. 191, 355 P.2d 501, 510.

It is only when but one reasonable conclusion can be reached from the facts that the court will determine the ques-

tion of contributory negligence as a matter of law. Tiddy v. City of Butte, 104 Mont. 202, 208, 65 P.2d 605, 608.

In the present case it was proper that the questions of negligence and contributory negligence were decided by the jury and not as a matter of law by the court.

Where the question of contributory negligence was submitted to the jury on proper instructions, and by their verdict the jury determined that the plaintiff's decedent was not guilty of contributory negligence, the determination of the jury was final and should not be disturbed. Maynard v. City of Helena, 117 Mont. 402, 408, 160 P.2d 484, 487. See also McNair v. Berger, 92 Mont. 441, 457, 458, 15 P.2d 834, 837.

In Tiddy v. City of Butte, 104 Mont. 202, 208, 65 P.2d 605, 608, supra, the court stated that "so long as there is substantial evidence tending to negative an allegation of contributory negligence this court by a long line of decisions has held that it will not disturb a judgment founded on the verdict of the jury."

Where the material evidence in a trial for injury from collision of two automobiles was conflicting, and the question of whether plaintiff's or defendant's alleged fault was the proximate cause of the collision was thus properly one for the jury, its conclusion will not be disturbed on appeal. Freisheimer v. Missoula Creamery Co., 64 Mont. 443, 452, 210 P. 329, 332. See also Reynolds v. Trbovich, Inc., 123 Mont. 224, 226, 210 P.2d 634, 635.

The above-mentioned rules are applicable to the present case and there was substantial evidence to support the judgment of the district court.

Therefore the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and ASSOCIATE JUSTICES ANGSTMAN, ADAIR and CASTLES concur.