**Warren GRAFT, Plaintiff,**

v.

**Otis CROOKER, Defendant.**

**Civ. No. 1020.**

United States District Court
D. Montana,
Helena Division.

Feb. 13, 1967.

John T. Vance, Risken & Scribner, Helena, Mont., for plaintiff.

Small & Cummins, Carl A. Hatch, Helena, Mont., for defendant.

RUSSELL E. SMITH, District Judge.

This is an action brought to recover for the damages done to plaintiff's aircraft which was wrecked when plaintiff attempted to fly it away from an airport owned and maintained by the defendant. In separate findings the court has determined that the relationship between plaintiff and defendant was that of business invitee and business invitor; that the defendant was guilty of negligence and that the plaintiff was guilty of negligence. The problems here considered are problems in proximate cause.[1]

1. Green deplores the solution of these problems in terms of causation. (Green, Contributory Negligence & Proximate Cause, 6 N.C.L.Rev. 3 (1927)) as does Prosser (Prosser, The Law of Torts 427, (3rd ed. 1964)). The American Law Institute has apparently abandoned the term "proximate cause" substituting the term "legal cause" and in the contributory negligence area provides a solution

Plaintiff's negligence consisted in attempting to fly a Cessna Model 180 aircraft equipped with amphibious gear from a rough airport under conditions of loading and weather which made the takeoff very risky. Plaintiff aborted the takeoff after being airborne for some time, when it appeared to him that he would not be able to clear some obstructions at the end of the runway. After about 500 feet of roll-out he encountered obstructions in the field about which he had not been warned either by oral or written notice or by the appearance of the field. These obstructions caused the aircraft to tip over on one wing. On the touchdown after the takeoff was aborted, the aircraft does not appear to have been out of control nor was the roll-out in its initial stage different from that which might have followed a normal landing. It is obvious enough that had the plaintiff's aircraft been able to take off it would have flown over the obstructions that wrecked the plane and that had plaintiff not attempted to take off he would not have arrived at the point on the airport where the wreck occurred. In short, had plaintiff not been negligent in getting his aircraft into the air, the accident would not have occurred. From this does it follow that plaintiff's negligence was a proximate cause of the accident?

■■ In a variety of situations, the Montana Supreme Court has said that to bar a recovery, plaintiff must not only be negligent, but his negligence must be a proximate rather than a remote cause of the injury.[2] No Montana case however, is factually close enough to this one to provide a solution. Generally, however, negligence which does no more than place the plaintiff at the place of the accident is not sufficient to bar recovery.[3] Plaintiff's negligence here, characterized in the language of the Montana court was "remote" in law even though close in time.

■ The same result is reached if the "particular risk"[4] approach is used. Under this approach plaintiff's negligence bars recovery only when the injury results from one of the hazards which made the plaintiff's conduct negligent.[5]

■ Plaintiff exposed himself to a good many hazards when he attempted to fly his aircraft from the Ennis airport. He might very well have hit the power line or crashed into the fence at the end of the field. He might have wound up in the obstructed land beyond the end of the runway. In the excitement and emergency of an unplanned landing he might have executed a faulty touchdown. His negligence would have barred recovery for damages arising from any of these events. Here, however, plaintiff was in no different position than a pilot who had arrived at that place on the runway without negligence and was rolling to a stop. The plaintiff's negligence does not bar recovery.[6]

not dependent upon causation. (Restatement, Second, Torts §§ 430 & 468). The Supreme Court of Montana, however, uses the proximate cause language. (See Footnote 2)

2. Dahlin v. Rice Truck Lines, 137 Mont. 430, 352 P.2d 801 (1960); Wolf v. Barry O'Leary, Inc., 132 Mont. 468, 318 P. 2d 582 (1957); Tiddy v. City of Butte, 104 Mont. 202, 65 P.2d 605 (1937); Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 P.2d 1025 (1934).

3. Berry v. Sugar Notch Borough, 191 Pa. 345, 43 A. 240 (1899) where a violation of a speed ordinance brought plaintiff under a falling tree. Smithwick v. Hall &

Upson Co., 59 Conn. 261, 21 A. 924, 12 L.R.A. 279 (1890) where plaintiff's negligence in being on a slippery platform placed him under a falling wall. Denson v. McDonald, 144 Minn. 252, 175 N.W. 108 (1919) where plaintiff's violation of an ordinance relative to parking near a fire hydrant placed him in defendant's path.

4. Prosser, The Law of Torts 431 (3rd ed. 1964).

5. This is the American Law Institute formula. Note 1 supra.

6. See Furukawa v. Yoshio Ogawa, 9 Cir. 1956, 236 F.2d 272.