GORDON PARTNERS, Frederick L. Gordon, Sam D. Gordon, Plaintiffs–Appellants,

v.

George S. BLUMENTHAL, Barclay Knapp, John F. Gregg, NTL, Inc., Defendants–Appellees.

No. 07–2591–cv.

United States Court of Appeals, Second Circuit.

Sept. 24, 2008.

by designation.

Marc J. Poster, Grienes, Martin, Stein & Richland LLP, Los Angeles, CA, For Plaintiffs–Appellants.

Brooks R. Burdette, Schulte Roth & Zabel LLP, New York, N.Y., Seth M. Schwartz, also on the brief, Skadden, Arps, Slate, Meagher & Flom LLP, New York, N.Y., for Defendants–Appellees.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants Frederick Gordon, Sam Gordon, and Gordon Partners (collectively, "the Gordons" or "Appellants") appeal the judgment of the United States District Court for the Southern District of New York (Kaplan, *J.* ) granting summary judgment for Defendants–Appellees NTL, Inc. ("NTL") and NTL's corporate leaders, George Blumenthal, Barclay Knapp, and John F. Gregg (collectively, "Appellees"). The Gordons brought a securities action claiming that Appellees made false statements both to the public and to Frederick Gordon privately that misled the Gordons with the result that they lost millions of dollars in violation of both federal securities law and state common law. Accepting the magistrate's recommendation (Peck, *M.J.* ), the District Court dismissed all of the Gordons' claims. On appeal, the Gordons assert that the District Court erred in finding (1) that the Appellants failed to prove loss causation, which was a necessary element of their federal securities claim, and (2) that the state law claims were precluded by the Securities Litigation Uniform Standards Act ("SLUSA"). We assume familiarity with the facts of the case, the procedural history, and the scope of the issues on appeal. Reviewing the case *de novo, Howley v. Town of Stratford,* 217 F.3d 141, 150 (2d Cir.2000), we affirm.

## I. Federal Securities Fraud Claims

On appeal, the Gordons assert that the District Court erred in dismissing their claims under Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b–5 promulgated thereunder, by holding that Appellants failed to prove loss causation.[1] We find that the District Court did not err in determining that the Gordons failed to demonstrate sufficient proof of loss causation. To prevail on a federal securities fraud claim, Appellants must demonstrate that their injuries were caused by Appellees' fraudulent statements. *Emergent Capital Inv. Mgmt., LLC, v. Stonepath Group, Inc.*, 343 F.3d 189, 197 (2d Cir.2003). Causation has two aspects, both of which must be alleged and proven: transaction causation and loss causation. *Id.* Like reliance, transaction causation refers to the relationship between a defendant's misconduct and a plaintiff's decision to buy or sell the relevant securities. It questions whether, "but for" the alleged misrepresentation, the plaintiff would have entered into the transaction at issue. Loss causation, on the other hand, "is the causal link between the alleged misconduct and the economic harm ultimately suffered by the plaintiff." *Id.*[2] As explained by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 338, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), to prove loss causation a plaintiff needs to allege more than that the purchase price was inflated due to the fraudulent statements. A claimant also must show that the decline in the market price was due to the fraud, as opposed to other market factors, such as changed investor expectations, the actualization of the company's risks, or other conditions that may account for some or all of the lower price. *Id.* at 343, 125 S.Ct. 1627.[3]

The Gordons argue that their demonstration of reliance on the personal statements that Appellees made to Frederick Gordon—i.e., transaction causation—is sufficient in this instance because they allege "fraud on the plaintiff" as opposed to "fraud on the market." This theory is without support. Loss causation is an element of, and must be shown in, any Section 10(b) action. Transaction causation alone may explain "why [a] plaintiff purchased ... stock, [but] it does not explain why it lost money on the purchase, the very question that the loss causation allegation must answer." *Emergent*, 343 F.3d at 198. Thus, we have consistently held that a plaintiff may "recover only the excess of what he paid over the value of what he got, not ... the difference between the value of what he got and what it was represented he would be getting." *Gurary v. Winehouse*, 235 F.3d 792, 800 (2d Cir.2000). It follows that if the Gordons got the value of what they paid for, they

---

1. Appellants also assert that the District Court erred in holding that NTL's bankruptcy did not constitute a "forced sale" giving rise to a Section 10(b) and Rule 10b–5 action. Because of our finding on the loss causation issue, we can address this argument summarily and do so at footnote four *infra*.

2. Courts at times talk about the two causal requirements as if one or the other is part of the requirement that proximate cause must be shown. In fact, loss causation and transaction causation are separate independent elements, each of which must not only be proven

but also be shown to have been "proximate" to the harm.

3. The equivalent of the loss causation requirement has long existed in ordinary torts cases as well. Thus, the fact that a car is speeding does not make the speeder liable simply because "but for" the speeding, the car would not have been under a tree when that tree fell. *See, e.g., Berry v. Sugar Notch*, 191 Pa. 345, 43 A. 240 (1899). *See generally* Guido Calabresi, *Concerning Cause and the Law of Torts*, 42 U. Chi. L.Rev. 69 (1975).

did not suffer any losses even if the Appellees *personally* or publicly represented that they would be getting much more. Because the Gordons did not proffer *any* evidence from which the Court could find loss causation—indeed, before the District Court, Frederick Gordon insisted that attempting to make such a showing was "nonsense" and an "academic exercise"— we agree with the District Court that Appellants' federal claims must be dismissed.[4]

## II. State Common Law Claim

■ The District Court dismissed the Gordons' state common law fraud claims as preempted by the SLUSA. After receiving supplemental briefing from both parties as to whether New York common law fraud claims require a showing of loss causation, we find that this case does not require us to decide whether the SLUSA preempts the common law claims. Because loss causation is an element of a New York common law fraud action, *see Laub v. Faessel,* 297 A.D.2d 28, 31, 745 N.Y.S.2d 534 (1st Dep't 2002), Appellants' failure to prove loss causation as described above is also fatal to their state law claims. Accordingly, the Gordons' common law fraud claims were properly dismissed.

We have considered all of Appellants' claims and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.

---

4. The Gordons also contend that the District Court erred in dismissing some of their claims as "holder" claims because NTL's bankruptcy should be considered a "forced sale," and hence that their losses for shares converted during NTL's reorganization should be cognizable under Section 10(b) and Rule 10b–5. Because Appellants failed to prove loss causation, we need not reach this issue as any claims, even if not "holder

claims," would fail on causation grounds. We note, however, that our Circuit's precedent suggests the Gordons' "forced sale" argument is without merit. *See Rand v. Anaconda–Ericsson, Inc.,* 794 F.2d 843, 848 (2d Cir.1986) (holding that conversion of shares when a company enters bankruptcy does not constitute a "forced sale" that would give rise to a Section n10(b) or Rule 10b–5 action).