## RUSSELL SHEARER v. E. B. DEWEES.[1]

February 10, 1922.

No. 22,669.

**Use of street—contributory negligence for the jury.**

While plaintiff was driving along a street in the village of Jackson, he discovered that the end-gate of his wagon had fallen off and was lying in the middle of the street two or three hundred feet behind him. He ran back to the end-gate, and, while picking it up, was struck by defendant's automobile. He had seen the automobile coming toward him along the center of the street, but paid no attention to it as the driver had ample room to avoid him by turning to the right side of the street. *Held* that whether he was guilty of contributory negligence was a question for the jury.

Action in the district court for Jackson county to recover $3,000 for personal injuries. The case was tried before Dean, J., who

[1] Reported in 186 N. W. 793.

when plaintiff rested granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

E. H. Nicholas, for appellant.

F. B. Faber and Haycraft & McCune, for respondent.

TAYLOR, C.

Action for personal injuries. At the close of plaintiff's evidence defendant moved for dismissal on the ground that no cause of action had been proven, and that it conclusively appeared that plaintiff was guilty of contributory negligence. The motion was granted and plaintiff appeals from an order refusing a new trial.

Plaintiff, a young man 28 years of age, resided on a farm with his father 3 or 4 miles from the village of Jackson. On the morning of October 11, 1919, he and his father drove to the city with a load of hogs. As they were driving west along the center of one of the streets of the city, they discovered that the end-gate of the wagon had fallen out and was lying in the center of the street some two or three hundred feet behind them. They stopped and plaintiff, who had been driving, gave the lines to his father and ran back along the center of the street to get the end-gate, and, as he was picking it up, he was struck by defendant's automobile which was going west along the center of the street.

The traveled portion of the street was amply wide for three automobiles abreast. About the time of the collision or slightly before it, another automobile going east passed on the south side of the street. There were no other vehicles or pedestrians in that vicinity. Plaintiff states that his father was old and the team skittish and he was anxious to get back to it; that he ran along the center of the street toward the end-gate; that he saw defendant's automobile coming toward him along the center of the street and heard defendant's horn; and that he paid no attention to it, but stooped to pick up the end-gate and was struck while still stooping. There was ample room for either to have gotten out of the way of the other, but neither made any attempt to do so. The entire north half of the street was unoccupied and unobstructed, and the fact that defend-

ant, instead of turning to his right to avoid striking plaintiff, continued straight down the center of the street without making any effort to save plaintiff from injury, is sufficient to warrant a finding of negligence on his part.

But defendant contends that plaintiff, having full knowledge that the automobile was coming directly toward him and making no attempt to avoid it, was also negligent. This would perhaps be true ordinarily, but, where the owner is picking up an article which has accidentally fallen from his wagon into the road, we are not prepared to say that he is guilty of contributory negligence as a matter of law in assuming that the driver of an on-coming vehicle, with ample room to avoid him, will not needlessly run him down while he is picking it up and will not needlessly run over the property which he is seeking to recover. We think that the question whether, under all the circumstances, plaintiff was chargeable with contributory negligence should have been left to the jury to determine.

Order reversed.