SULLIVAN, Respondent, v. CITY OF BUTTE, Appellant.

(No. 6,572.)

(Submitted February 15, 1930.   Decided March 1, 1930.)

[285 Pac. 184.]

*Mr. P. E. Geagan* and *Mr. G. W. Howard,* for Appellant, submitted a brief; *Mr. Geagan* argued the cause orally.

*Mr. H. J. Freebourn* and *Mr. N. A. Rotering,* for Respondent, submitted a brief; *Mr. Rotering* argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

This action was brought by plaintiff to recover damages for personal injuries alleged to have been sustained by her by stepping into a hole in the sidewalk on one of the principal streets of defendant. Issue being joined, trial was had before a jury which found for plaintiff and fixed her damages in the sum of $3,750. Judgment was accordingly entered. Defendant's motion for a new trial was denied, and it appeals from the judgment.

But two questions are presented for determination: (1) Is there sufficient evidence to sustain the verdict, and (2) is the verdict excessive?

1. It would serve no useful purpose to review the testimony; suffice it to say that we have carefully examined the record, and, in our opinion, there is ample evidence to support the verdict. The most counsel for defendant contend for is that the evidence is in sharp conflict. It is apparent that the jury accepted as true the evidence offered by plaintiff, and the rule is well settled that "a verdict in an action at law, attacked on the ground of insufficiency of the evidence to sustain it, will not be set aside on appeal, where the evidence is substantial, though conflicting, and the lower court has set the stamp of its approval on the findings by denying a motion for a new trial, in the absence of any showing of an abuse of discretion." (*Doane* v. *Marquisee*, 63 Mont. 166, 206 Pac. 426, 428; *Robinson* v. *F. W. Woolworth Co.*, 80 Mont. 431, 261 Pac. 253; *Moelleur* v. *Moelleur*, 55 Mont. 30, 173 Pac. 419.) No abuse of discretion appears here.

2. Defendant insists that the damages are excessive and "appear to have been given by the jury under the influence of passion and prejudice, or out of sympathy for the plaintiff."

In this character of action the amount of damages is committed, in the first instance, to the sound discretion of the jury, and next to the discretion of the judge of the trial court, who, in passing upon the motion for a new trial,

may consider the evidence anew, determine anew the facts, and set aside the verdict, if in his judgment it is not just. It is only when "excessive damages, appearing to have been given under the influence of passion or prejudice" (sec. 9397, subd. 5, Rev. Codes 1921) that a new trial may be granted for that reason. Manifestly, in personal injury actions, there is no measuring stick by which to determine the amount of damages to be awarded, other than the intelligence of a fair and impartial jury governed by a sense of justice; each case must of necessity depend upon its own peculiar facts. The rule was succinctly stated by Mr. Justice Holloway, speaking for the court in *Kelley* v. *Daily Co.*, 56 Mont. 63, 181 Pac. 326, 332, in the following language: "In passing we may observe that the fact that a verdict appears to be excessive is not a ground for a motion for a new trial. It is only when the excessive damages appear to have been given under the influence of passion or prejudice that a new trial may be granted for that reason. * * * There is no standard fixed by law for measuring the value of human health or happiness. In every case of personal injury a wide latitude is allowed for the exercise of the judgment of the jury, and, unless it appears that the amount awarded is so grossly out of all proportion to the injury received as to shock the conscience, this court cannot substitute its judgment for that of the jury." To the same effect are: *Jones* v. *Shannon*, 55 Mont. 225, 175 Pac. 882; *Burns* v. *Eminger*, 84 Mont. 397, 276 Pac. 437.

In the case at bar it appears that at the time of the accident plaintiff was thirty-eight years of age, in good health, and employed as a saleswoman at a salary of $20 per week. The injuries consisted of a laceration over the left eye, contusions of the left elbow, the left wrist, the left thigh and hip. Soon after the accident she developed sciatic neuritis, was confined to her bed for a period of five or six weeks; was disabled from following her occupation for ninety-eight weeks; and has expended $100 for medical services. At the time of

the trial, more than two years later, she was still suffering from the effects of the injuries.

Dr. Kane, after describing plaintiff's injuries and subsequent ailments, testified: "That condition has not improved any. I couldn't say that it is a permanent condition, but it has not improved in two years' time; * * * The pain from which plaintiff was suffering was apparently severe. The pain caused by sciatic neuritis is a sharp, stabbing pain, rendering her walking very difficult or movement of the body upon the hips."

Plaintiff testified: "I don't feel any better, my hip seems to be getting worse right along; my hip is hurting me just as bad and sometimes it is worse. I get sharp pains right in through the nerve of my hip; it leads into my side and into my left arm. I have felt that pain ever since I was hurt. * * * These pains I have are little shooting pains, very sharp pains; pains across my back and also right in around my hip, through the hip and into the crotch of the leg and in my side."

With such evidence, and other of similar nature, we cannot say that the verdict is excessive.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, MATTHEWS and ANGSTMAN concur.