ODELL *v.* POWERS.

1. AUTOMOBILES—WRONG SIDE OF ROAD—QUESTION FOR JURY.
    In action for personal injuries and damages sustained when plaintiff's car emerged from cloud of snow around oncoming snowplow and collided with defendants' oncoming car, where both parties claimed the other was operating on the wrong side of the road, question of fact was presented for jury.

2. SAME—ONCOMING SNOWPLOW—DUE CARE.
    A motorist who observed a cloud of snow around an oncoming snowplow was not required to bring his car to a stop but had a right to proceed, operating his car in a careful and prudent manner at a speed not greater than would permit him to bring it to a stop within the assured clear distance ahead (1 Comp. Laws 1929, § 4697[a], as amended by Act No. 119, Pub. Acts 1933).

3. SAME—STOPPING—ASSURED CLEAR DISTANCE—COMMON LAW.
    Statute requiring a motorist so to drive his car as to be able to stop within the assured clear distance ahead *held,* declaratory of the common law at the time of enactment (1 Comp. Laws 1929, § 4697[a], as amended by Act No. 119, Pub. Acts 1933).

4. SAME—CONTRIBUTORY NEGLIGENCE—SNOWPLOWS—WRONG SIDE OF ROAD.

Whether or not plaintiff motorist was guilty of any negligence *held*, question of fact for jury since upon approaching oncoming snowplow and observing a cloud of snow around it, plaintiff was not obliged to stop nor to anticipate that defendants' car, overtaking the snowplow, would be driven on the wrong side of the road (1 Comp. Laws 1929, § 4697[a], as amended by Act No. 119, Pub. Acts 1933).

5. SAME—CONTRIBUTORY NEGLIGENCE—CLOUD OF SNOW—ASSURED CLEAR DISTANCE—PROXIMATE CAUSE—WRONG SIDE OF HIGHWAY.

In action for personal injuries arising from accident between plaintiff's car, just after it had emerged from cloud of snow around snowplow traveling in opposite direction, and car also approaching from opposite direction, assuming plaintiff was negligent in failing to stop upon entering cloud, whether such negligence was proximate cause of injury *held*, question for jury, where there was evidence that plaintiff was on proper side of road and defendants' car was being driven on wrong side of highway (1 Comp. Laws 1929, § 4697[a], as amended by Act No. 119, Pub. Acts 1933).

6. DAMAGES—PAIN AND SUFFERING—EXPENSES—INABILITY TO WORK.

Verdict of $6,100 in favor of plaintiff who suffered severe fracture of right patella, leg was in cast for 6 weeks, loss of 60 per cent. of flexion of leg and 10 per cent. in extension and leg would probably be permanently stiffened to some extent *held*, not excessive where his earnings during last four years had been increasing and had averaged over $10,000 annually, he was unable to work for five months, his car was damaged to extent of $325, and he had several hundred dollars medical expenses.

7. APPEAL AND ERROR—INSTRUCTIONS—CONTINUANCE OF INJURED PERSON'S SALARY BY EMPLOYER.

In personal injury case where plaintiff's employer had continued to pay plaintiff his salary and commissions, trial court's charge to jury that there could be no recovery for loss of earnings unless jury found such payments were made by employer as a gratuity *held*, one of which defendants could make no complaint, since, although it was an incorrect statement of the law, it was more favorable to defendants than they were entitled to.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted March 5, 1938. (Docket No. 145, Calendar No. 39,825.) Decided April 4, 1938.

Case by Charles W. Odell against Otto Powers and Cushman Auto Sales Company, a Michigan corporation, for personal injuries and damages to property sustained in an automobile collision. Verdict and judgment for plaintiff. Defendant Cushman Auto Sales Company appeals. Affirmed.

*Joseph W. McAuliffe*, for plaintiff.

*Dwight W. Fistler*, for defendant company.

CHANDLER, J. At about 11 o'clock in the forenoon on January 31, 1936, plaintiff was driving a Graham Paige sedan north on the east side of the highway known as M-78 in Branch county, having reached a point approximately 1.4 miles south of the intersection of said highway with another highway known as M-60. At that time, defendant Otto Powers, an employee of the defendant Cushman Auto Sales Company, on business of the company, was driving a Chevrolet sedan in a southerly direction on the west side of M-78.

It had been snowing heavily and a snowplow was engaged in clearing the roadway by pushing the snow to the side from the traveled portion of the highway. The road had been opened to a width of about 18 feet with a snow bank four to five feet high on the west side and three feet high on the east side. The snowplow was going south, working the west side of M-78 and proceeding at a speed of some 15 miles per hour. A west wind picked up particles of the snow thrown in the air by the plow and caused a cloud of snow over the highway making visibility

poor for a space of 18 or 20 feet opposite the snow-plow.

Plaintiff had a clear view of the road-clearing apparatus when he was between a quarter and a half mile away. He testified that there was nothing traveling on the highway between his car and the plow from the time he first saw the plow until he entered the cloud of snow and at that time he reduced his speed from 35 miles per hour to 15 miles per hour, keeping his car to the right traffic lane. He had just cleared the cloud of snow when he saw the car in front of him driven by defendant Powers. Powers was then but 10 or 15 feet away and although plaintiff claims that he swung his car to the left he was unable to avoid the collision.

A trial by jury resulted in a verdict for plaintiff in the sum of $6,100. Defendants' motion for a new trial was denied and the Cushman Auto Sales Company takes this appeal.

Appellant claims that plaintiff was guilty of contributory negligence as a matter of law and that the verdict of the jury was excessive.

Appellant relies on 1 Comp. Laws 1929, § 4697 (a), as amended by Act No. 119, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 4697[a], Stat. Ann. § 9.1565), in support of its claim that plaintiff was guilty of contributory negligence and urges that when plaintiff observed that it was impossible for his vision to penetrate the cloud of snow it was his duty to bring his automobile to a stop until the obstruction had disappeared.

As is customary in cases of this character, both parties claimed that the other was operating his vehicle on the wrong side of the road. A question of fact was thus presented on this issue which was resolved by the jury in favor of plaintiff. Plaintiff was not obligated to bring his car to a complete stop when

he saw the cloud of snow but had the right to enter the same, operating his car in a careful and prudent manner and at a speed not greater than would permit him to bring it to a stop within the assured clear distance ahead. *Marsh* v. *Burnham*, 211 Mich. 675. Appellant contends that the cited case is inapplicable for the reason that the decision therein was rendered prior to the enactment of 1 Comp. Laws 1929, § 4697(a), as amended by Act No. 119, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 4697[a], Stat. Ann. § 9.1565). This distinction is without force as the statute is seen to be the legislative expression of the common law in effect at the time the *Marsh Case* was decided. See *Harnau* v. *Haight*, 189 Mich. 600 (13 N. C. C. A. 566); *Ott* v. *Wilson*, 216 Mich. 499; *Spencer* v. *Taylor*, 219 Mich. 110.

Plaintiff was not bound to anticipate that defendant would violate the law and operate his automobile on the wrong side of the road and under the view of this case which we entertain and have indicated, it was, therefore, a question for the jury as to whether plaintiff was guilty of any negligence under all the facts and circumstances.

Assuming, however, that it was negligent for plaintiff to proceed when he observed the cloud of snow, the question still remained for the jury as to whether such negligence contributed to the accident. If plaintiff's version of the collision was correct, he was driving on his right side of the road and defendant on his left or wrong side. Under these facts, the jury might well have found that even had plaintiff brought his car to a complete stop upon entering the cloud of snow he would have been struck in any event by defendant who was driving on the wrong side of the highway. See *Leonard* v. *Bottomley*, 210 Wis. 411 (245 N. W. 849).

The question is also presented as to whether or not the jury's verdict was excessive. Plaintiff's earnings for the years 1933 to 1936, inclusive, were shown to be $5,382; $9,958.98; $12,017; $13,703.11. He was unable to work from the date of the accident until July 1, 1936, and upon his return sustained considerable expense because of the necessity of his wife accompanying him to drive his car. The automobile was damaged to the extent of $325, and in addition his medical attention resulted in an expense of several hundred dollars. He sustained injuries to the face and a severe fracture of the patella of the right knee. The fracture was reduced by operative treatment and the leg placed in a cast where it remained for 6 weeks. The result at the time of the trial was a loss of 60 per cent. in flexion of the leg and a loss of 10 per cent. in extension with a prognosis that the knee would be permanently stiffened to some extent.

On the facts presented we cannot say that the verdict was excessive under the view of *Fishleigh* v. *Railway,* 205 Mich. 145.

Subsequent to the accident and until July 1, 1936, when plaintiff returned to work, his employer continued to pay his salary and commissions. The trial court charged that there could be no recovery for loss of earnings unless the jury found that the payments so made were paid by the employer as a gratuity. Appellant complains of this charge, but without cause, as the same, although an incorrect statement of the law, was more favorable than that to which it was entitled under the rule of *Motts* v. *Michigan Cab Co.,* 274 Mich. 437.

The judgment is affirmed, with costs to appellee.

Wiest, C. J., and Butzel, Bushnell, Sharpe, Potter, North, and McAllister, JJ., concurred.