PFAU, RESPONDENT, *v.* STOKKE ET AL., APPELLANTS.

(No. 8,071.)
(Submitted April 22, 1940.   Decided May 28, 1940.)
[103 Pac. (2d) 673.]

472

*Mr. Howard Toole* and *Mr. W. T. Boone,* for Appellants, submitted a brief; *Mr. Boone* argued the cause orally.

*Messrs. Mulroney & Mulroney,* for Respondent, submitted a brief; *Mr. E. C. Mulroney* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This appeal is taken by the defendants from the judgment entered in the district court of Missoula county awarding damages to the plaintiff for personal injuries sustained by him as a result of a collision between an automobile owned by one of the defendants and driven by the other, and the automobile owned by the plaintiff in which he was riding at the time. The action was tried before a jury which returned the verdict awarding damages in the sum of $9,500. On this appeal defendants attack the verdict and judgment solely upon the ground that they are excessive; that they are not sustained or supported by the evidence, the pleadings or by law; and that they are the result of passion or prejudice on the part of the jury.

No question is raised as to the liability of the defendants. No argument is made that anything except the size of the verdict indicates passion or prejudice on the part of the jury. Several medical experts, including plaintiff's doctor employed by the defendants, testified. The three questions presented here by the specifications of error then are:

1. Does the amount of the verdict show passion or prejudice under subdivision 5, section 9397, Revised Codes, which provides that a new trial may be granted where there are "excessive damages, appearing to have been given under the influence of passion or prejudice"?

2. Is the evidence sufficient to sustain a judgment in the amount awarded under subdivision 6 of section 9397, supra, which provides that a new trial shall be granted where there is an "insufficiency of the evidence to justify the verdict"?

3. Did the court err in overruling the motion to strike testimony of certain witnesses relative to "a boil condition" of the plaintiff after the accident?

Considering the third question first, several witnesses testified that after the accident many boils appeared on the plaintiff's head, neck and shoulders and particularly on the shoulder being treated for the injury plaintiff claimed to have received.

After testimony of plaintiff's doctor, a motion was made by defendants seeking to have the testimony of the doctor and other witnesses stricken as to the boil condition, the defendants reciting in their motion that the testimony was "not sufficient * * * to show that the boil condition was proximately caused by the injury or by any proper treatment given for injuries received in this accident." Counsel for plaintiff objected that the motion was premature as there was medical testimony to be offered on this point. The court denied the motion on the statement of counsel for plaintiff that further medical testimony would be offered. In its ruling the court concluded with these words, "The motion will now be denied and it may be renewed later."

After this another medical expert was called who testified in response to a hypothetical question that in his opinion, based on the hypothesis stated, the boils were one of the results of the accident. The motion was not then, or at all, renewed. Subsequently defendants offered an instruction which was given on the subject of the boils in these words: "You are instructed that if you find for the plaintiff you shall not allow any damage for the boils the plaintiff had following the accident unless the plaintiff has proven by a preponderance of the evidence that such boils were proximately caused by the injuries to plaintiff, if any, or by treatment by a competent physician of the injuries, if any, sustained by the plaintiff in the accident."

The failure to renew the objection and the offer of the instruction constituted an abandonment of the motion, and the attempt to put the trial court in error at this time for its failure to strike the testimony, had it been insufficient for the purpose for which it was offered, merits no consideration here.

The second argument advanced by the defendants is that the evidence is insufficient to support an award of $9,500. The question of excessive verdicts has often been before this court, and it is unnecessary to discuss again all that has been said in these many cases. The rules for the guidance of the courts, both trial and appellate, are well settled by the statute and the decisions in this state. The rule is stated in *Sullivan*

v. *City of Butte,* 87 Mont. 98, 285 Pac. 184: " 'A verdict in an action at law, attacked on the ground of insufficiency of the evidence to sustain it, will not be set aside on appeal, where the evidence is substantial, though conflicting, and the lower court has set the stamp of its approval on the findings by denying a motion for a new trial, in the absence of any showing of an abuse of discretion.' (*Doane* v. *Marquisee,* 63 Mont. 166, 206 Pac. 426, 428; *Robinson* v. *F. W. Woolworth Co.,* 80 Mont. 431, 261 Pac. 253; *Moelleur* v. *Moelleur,* 55 Mont. 30, 173 Pac. 419.) " And also: "Manifestly, in personal injury actions, there is no measuring stick by which to determine the amount of damages to be awarded, other than the intelligence of a fair and impartial jury governed by a sense of justice; each case must of necessity depend upon its own peculiar facts. The rule was succinctly stated by Mr. Justice Holloway, speaking for the court in *Kelley* v. *John R. Daily Co.,* 56 Mont. 63, 181 Pac. 326, 332, in the following language: 'In passing we may observe that the fact that a verdict appears to be excessive is not a ground for a motion for a new trial. It is only when the excessive damages appear to have been given under the influence of passion or prejudice that a new trial may be granted for that reason. * * * There is no standard fixed by law for measuring the value of human health or happiness. In every case of personal injury a wide latitude is allowed for the exercise of the judgment of the jury, and, unless it appears that the amount awarded is so grossly out of all proportion to the injury received as to shock the conscience, this court cannot substitute its judgment for that of the jury.' To the same effect are: *Jones* v. *Shannon,* 55 Mont. 225, 175 Pac. 882; *Burns* v. *Eminger,* 84 Mont. 397, 276 Pac. 437."

An examination of the record, with these rules in mind, convinces us that the trial court did not err in denying the motion. The trial court apparently had the *Sullivan Case,* supra, in mind when it stated in its order denying the motion for new trial that the verdict appeared excessive but not shockingly so.

Appellants devote much of their brief to a discussion of conflicting testimony of medical experts as to the nature of

plaintiff's injury, the degree of disability, and its permanency. There is direct testimony to the effect that his injury is permanent, or likely to be so; that the injury was of such a degree that plaintiff could not follow his usual occupation; that his pain and suffering were great; that prior to the injury he had an earning capacity of $120 per month; that he had already lost $960 in wages; that he had incurred doctor bills, up to the time of the trial, in the amount of $176; that continued treatment was necessary; that the pain, suffering and worry had affected his general health; and that his automobile had been damaged in the sum of $275. Some of the testimony relative to these questions was in conflict, and the jury resolved the conflicting testimony in plaintiff's favor. We are bound by that determination. The evidence was sufficient, within subdivision 6 of section 9397, supra, to sustain the judgment, and the trial court, in the exercise of its discretion, properly denied the motion for a new trial on this ground.

Since the objection concerning the alleged passion and prejudice of the jury is based only on the amount of the award, and since the court ruled that the amount of the award was supported by testimony, which we find was true, there is no basis for the specification, and what we have said herein disposes of it.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ANGSTMAN and ARNOLD concur.