MARIE DAHLIN, as Administratrix of the Estate of EDWARD DAHLIN, Deceased, Plaintiff and Respondent, v. RICE TRUCK LINES, Defendant and Appellant.
MARIE DAHLIN, Plaintiff and Respondent, v. RICE TRUCK LINES, Defendant and Appellant.
Nos. 10035, 10036.
Submitted March 30, 1960. Decided June 3, 1960.
352 P. 2d 801.

432

Graybill, Bradford & Graybill, Great Falls, Leo C. Graybill argued orally, for appellant.

Morrison & Ettien, Havre, J. Chan Ettien argued orally for respondent.

MR. CHIEF JUSTICE HARRISON delivered the Opinion of the Court.

On February 5, 1957, a Jeep truck driven by plaintiff, Marie Dahlin, was involved in a collision southwest of Havre, Montana, with a truck-tanker assembly owned by defendant, Rice Truck Lines, which was hauling gasoline. Plaintiff brought suit against defendant in her own name for injuries sustained as a result of the collision. Edward Dahlin, her husband and a passenger in the Jeep truck, brought a companion suit on his own behalf. Mr. Dahlin died prior to trial from causes unrelated to the accident and Marie Dahlin, the administratrix of his estate, was substituted as party plaintiff in his case. The causes were tried separately and judgment in both cases was entered on jury verdicts for the plaintiff. From these judgments defendant appeals, both causes being consolidated on the appeal.

The accident occurred shortly after 8:00 a. m. on U. S. Highway 87, approximately 3.9 miles southwest of Havre. The high-

way was covered with a few inches of loose snow. It was cloudy but not snowing and visibility was good. Dahlin's Jeep was travelling southward. Two truck-tanker assemblies owned by defendant were heading northward on the highway toward Havre, the first driven by defendant's employee, Robert Langwell, and the second by employee, Charles L. Kuebler. Langwell and Kuebler had met for breakfast at Box Elder, Montana, about 25 miles south of Havre, and thereafter had proceeded toward Havre, Kuebler following Langwell. The tankers raised a large cloud of snow behind them which temporarily blinded oncoming traffic. The Dahlin Jeep met and passed the oncoming tanker driven by Langwell, but collided with Kuebler's tanker.

The essence of both complaints is that both trucks were traveling at an excessive rate of speed, that Kuebler followed too closely behind Langwell, in view of the snow cloud raised by Langwell's truck, so that Kuebler's vision was impaired and control over his vehicle likewise impaired in case of emergency; that Kuebler was driving in the wrong traffic lane, failed to maintain control of his vehicle, gave no warning to the oncoming Dahlin Jeep, and struck it as it emerged from the snow cloud without giving plaintiff a chance to avoid the collision.

Defendant denied the essentials of the complaints and alleged, as an affirmative defense, that plaintiff was contributorily negligent in failing to use lights, reduce her speed or stop when her visibility was impaired by the snow cloud, but continued at a negligent rate of speed of 50 miles per hour, and drove in defendant's lane of traffic. Plaintiff denied these allegations.

Defendant's specifications of error severally raise two questions. Defendant argues first that plaintiff was shown to be contributorily negligent by the uncontroverted evidence and that her negligence was the proximate cause of her injuries. Defendant claims therefore, that the court erred in denying the motion for nonsuit in the Marie Dahlin case, and that both

verdicts are against the law as embodied in the instructions given concerning contributory negligence.

Defendant also claims the damages to be excessive and given under the influence of passion and prejudice.

In effect, defendant argues that the evidence shows plaintiff to be guilty of contributory negligence as a matter of law, and that this negligence of plaintiff was the proximate cause of the accident.

There was only one eyewitness who was able to testify directly as to the circumstances of the accident, Mr. Charles Kuebler, the driver of the tanker involved in the collision. As was stated earlier, Mr. Dahlin died before either trial. As a result of the injuries sustained in the collision, Mrs. Dahlin suffered a loss of memory which left her with no recollection of the accident or of events for some time thereafter.

Kuebler testified that plaintiff's Jeep truck approached him at a speed of forty to fifty miles per hour and continued at that speed until the collision, and that Mrs. Dahlin was straddling the centerline until immediately prior to the impact, when she swerved to the right. Kuebler also testified that he followed behind Langewll's rig at a distance of one-fourth to one-half mile, and maintained the same distance up to the time of the accident.

Leonard Bogut, who was driving a vehicle approximately a block or two behind Mrs. Dahlin just prior to the accident, testified that Mrs. Dahlin was traveling approximately thirty-five miles per hour in her own lane before she met the tankers. Bogut was blinded by the snow cloud behind Langwell's tanker and emerged therefrom immediately upon the scene of the accident.

Donald George and Leon Guerra, who were traveling south together on Highway 87 the morning of the accident, testified that they passed both tankers approximately a mile and a half north of Laredo, Montana, and that the second tanker was right behind the first, in the snow cloud raised by the first.

Harry Hallingstad, who was operating a Montana Highway Department snowplow on Highway 87 at the time of the accident within a mile south of the scene, testified that when the tankers passed him, Kuebler was driving in the tail end of the snow cloud of the first tanker.

Officer Haston Broadus, a highway patrolman who investigated the accident, testified that both vehicles were on or over the middle of the roadway at the point of impact.

Defendant argues that the evidence conclusively shows that plaintiff was negligent in failing to slow down or stop upon being blinded, and that she was negligent in driving in the wrong lane.

The jury was instructed, in effect, that if Marie Dahlin failed to drive her vehicle in a careful and prudent manner and drove at a rate of speed greater than was reasonable under the circumstances, she was negligent, and that if such negligence proximately caused the accident, she could not recover.

The case of Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 65, 67, 68, 37 P.2d 1025, 1030, presents a good discussion of the law of contributory negligence and proximate cause. In the Fulton case it was likewise argued that the court erred in refusing to grant a nonsuit on the ground that the plaintiff was guilty of contributory negligence as a matter of law and that the verdict was contrary to the law. The court there said:

"The question here raised is a close one and requires a careful consideration and application of the rule that contributory negligence bars recovery, for it is not enough to show that the plaintiff was negligent but, to bar a recovery, such negligence must have directly contributed to the injury at the time it was inflicted; it must have been a proximate cause of the injury. Neary v. Northern Pacific Ry. Co., 41 Mont. 480, 110 P. 226; Daniels v. Granite Bi-Metallic Con. Mining Co., 56 Mont. 284, 184 P. 836.

"* * * The very essence of contributory negligence is a want of ordinary care on the part of the plaintiff which is *a proximate cause,* an occasion, of the injury; not only must the negligence of one injured by the culpable negligence of another contribute to the injury, but it must contribute as a proximate cause, and not as a remote cause. [Citing cases.] * * *

"The test as to contributory negligence on the part of plaintiff in such a case as this, is, did he, or did he not, in the circumstances, act as would an ordinarily prudent man? This question, with that of proximate cause and, consequently, contributory negligence, is ordinarily for the jury (Atkinson v. Goodrich Trans. Co., 60 Wis. 141, 18 N.W. 764, 50 Am.Rep. 352; Coffman v. Singh, [49 Cal.App. 342, 193 P. 259], above; White v. Davis, [103 Cal.App. 531, 284 P. 1086], above; Shearer v. Dewees, [151 Minn. 380, 186 N.W. 793], above; Wise v. Stagg, 94 Mont. 321, 22 P.2d 308); and it has been said that where the plaintiff had a verdict notwithstanding his negligence, it was supported on the theory that the jury did not consider it the proximate cause. (Brown v. Cent. Pac. Ry Co., 2 Cal. Unrep. Cas., 730, 12 P. 512.)

"*Contributory negligence is a question of law only when the evidence is of such a character that it will support no other legitimate inference, and even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question and from the evidence, the question is one for the jury.* White v. Davis, supra; see Autio v. Miller, 92 Mont. 150, 11 P.2d 1039, 1045; Childers v. Deschamps, 87 Mont. 505, 290 P. 261." Emphasis added.

█ █   Here, is the evidence of such a character that it will support no other legitimate inference in reasonable minds than that Mrs. Dahlin failed to reduce her speed upon being blinded by the snow cloud and that she drove on the wrong side of the highway? We believe that the jury was entitled to weigh the credibility of the sole eye-witness Kuebler in light of the fact that he is an employee of the defendant, an interested witness,

and the driver of the ill-fated tanker, and that there is sufficient evidence upon which reasonable minds might draw the conclusion that Mrs. Dahlin was not driving at an excessive speed and was on her own side of the road. Officer Broadus' testimony is of such a character as to permit reasonable minds to draw different conclusions as to the position of the vehicles at the moment of impact.

We are not constrained to hold that the driver of an automobile necessarily must completely stop in such a situation and that failure to do so is negligence as a matter of law in light of the danger of vehicles approaching from the rear. See Odell v. Powers, 284 Mich. 201, 278 N.W. 819; Johnson v. Reinhard Bros. Co., 205 Minn. 212, 285 N.W. 536.

The court did not err in refusing to take the Marie Dahlin case from the jury, nor is the verdict in either case against the law or unsupported by substantial evidence.

It is here contended that the verdict in the Marie Dahlin case of $45,000 is excessive and given under the influence of passion and prejudice. The rule has been established in this state that the amount of damages is committed first to the discretion of the jury, and next to the discretion of the trial judge, who, in passing upon the motion for new trial, may set it aside if it is not just. Sullivan v. City of Butte, 87 Mont. 98, 100, 101, 285 P. 184. In Fulton v. Chouteau County Farmers' Co., supra 98 Mont. at page 74, 37 P.2d at page 1034, it was said:

"We must bear in mind that, in this class of cases, 'there is no fixed measuring stick by which to determine the amount of damages, other than the intelligence of the jury' (McNair v. Berger, 92 Mont. 441, 15 P.2d 834, 839), to whom, of necessity, is allowed a wide latitude, and 'so long as we have a system which confides to juries the duty to determine the issues involved in this character of cases and to fix the amount of compensation to be paid, unless the result of their deliberation is such as to shock the conscience and understanding, it must be accepted as conclusive' (Autio v. Miller, [92 Mont. 150, 11

P.2d 1039], above); 'this court will not substitute its judgment for that of the jury, especially where, as here, the trial court has approved the verdict by denying the motion for a new trial' (McNair v. Berger, above.) [Citing cases.]."

The evidence indicates that prior to the accident, Mrs. Dahlin was an active, alert woman of 49 years, who was a competent and licensed practical nurse, earning approximately $3,200 per year.

■ Besides the physical pain and suffering, the broken bones and internal injuries, plaintiff suffered loss of memory, forgetfulness, and a change of personality, which prevented her from practicing as a nurse. The award is not such as to shock the conscience, and the trial court properly denied the motion for new trial based on that ground.

■ There was also specified as error the giving of Instruction 8 which stated, in effect, that if Kuebler drove more closely behind Langwell than was reasonable and prudent, without due regard for the speed, traffic and condition of the highway, the jury could find the defendant negligent. Defendant objected on the ground that it was not supported by the evidence. It was argued that the evidence shows that there was actually a third truck between the two tankers of defendant. There was evidence that a third truck did pull onto Highway 87 the morning of the accident behind a Rice tanker and follow it into Havre. But even if such were true, defendant is not prejudiced. The substance of the complaint charges negligence on the part of Kuebler in negligently driving in a snow cloud. Under the pleadings it would not be fatal to plaintiff's case if it were shown that there was a third truck between the tankers. A jury, on the other hand would also be entitled to believe under the evidence that there was no such truck in front of the defendant's tanker which struck plaintiff. *Kuebler himself made no mention of it.* Since it made no difference whether the jury believed that Kuebler followed too closely behind a Rice tanker

or some other truck, the instruction did not prejudice the defendant.

For the reasons stated, the judgments in both cases are affirmed.

MR. JUSTICE ADAIR, THE HONORABLE CHARLES B. SANDE, sitting in place of MR. JUSTICE ANGSTMAN and THE HONORABLE PHILIP C. DUNCAN, District Judge, sitting in place of Mr. Justice Bottomly, concur.

MR. JUSTICE CASTLES dissents.