No 12839

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

CLAYTON M MALLORY and JEANNE M MALLORY, husband and wife,
                                    Plaintiffs and Appellants,
        -vs-
JAMES LLOYD CLOUD, Defendant and Respondent,
        and
CHARLES L HASH, Administrator of the Estate of Thomas
A Mallory, deceased, Plaintiff and Appellant,
        -vs-
JAMES LLOYD CLOUD,
                        Defendant and Respondent.


Appeal from:  District Court of the Eleventh Judicial District,
              Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

    For Appellants:  Hash, Jellison and O'Brien, Kalispell,
                     Montana
                     Kenneth E O'Brien argued, Kalispell,
                     Montana

    For Respondent:  Warden, Walterskirchen and Christiansen,
                     Kalispell, Montana
                     Merritt N Warden argued, Kalispell,
                     Montana


                              Submitted:  January 21, 1975

                                Decided:  MAY 2 7 1975


Filed:  MAY 2 7 1975

                    _Thomas J. Kearney_
                              Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court, Flathead County, on a jury verdict and an order denying a motion for a new trial. Plaintiffs Clayton M. Mallory and Jeanne M. Mallory, instituted action to recover damages for the injuries and death of their son, Thomas A. Mallory, resulting from a collision that occurred between a motorcycle operated by Thomas Mallory and an automobile driven by defendant, James Lloyd Cloud. The jury returned a verdict in favor of defendant. Plaintiffs moved for a new trial but the court denied the motion on the ground that the hearing on the motion was not timely, pursuant to Rule 59(b), M.R.Civ.P.

However, in its order denying the motion for a new trial because of lapse of time, the trial court acknowledged that substantial error may have been committed by the court by not instructing the jury on gross negligence and the defenses available under the facts. The trial judge was correct.

The facts are not in dispute. On August 21, 1972, at approximately 11:30 p.m., a collision occurred on the Big Mountain Road in Flathead County, between a motorcycle driven upgrade by Thomas A. Mallory and a vehicle driven downgrade by James Lloyd Cloud. As a result of that collision, Thomas Mallory died.

Prior to the accident, approximately one-quarter mile from the scene of the accident, defendant pulled into a turnoff to admire the view of the valley. He turned off his vehicle lights and did not again turn them on when he began his descent down the mountain. The road was winding and contained blind curves, but defendant testified he could see ahead a considerable distance because of the bright moonlight. Defendant turned on his vehicle lights just before impact with the motorcycle and states he saw an image, but was unable to avoid colliding with it. Only after

the collision did he discover the image was a motorcycle driven by Thomas Mallory.

The highway patrolman testified the headlight of the motorcycle was not on at the time of impact, and there was no marked center line on the road. At the time of impact defendant's car was in the lefthand driving lane of the road.

There were two passengers with Cloud on the night in question, both substantiated Cloud's account of the happenings that night.

The trial court refused to give plaintiffs' proposed instruction No. 2 on reckless and wanton misconduct and the defense of contributory negligence, which reads:

> "Contributory negligence of the decedent is not a bar to plaintiff's recovery for injuries and death caused by the reckless or wanton misconduct of the defendant.
>
> "Reckless or wanton misconduct is intentional, wrongful conduct, done either with knowledge that serious injury to another will probably result, or with a wanton and reckless disregard of the possible results. An intent to injure is not a necessary element of reckless and wanton misconduct.
>
> "To prove such misconduct, it is not necessary to establish that the defendant himself recognized his conduct as dangerous. It is sufficient if it be established that a reasonable man under the same or similar circumstances would be aware of the dangerous character of such conduct."

After the jury retired, and during its deliberations, inquiry was made of the court as to whether there could be more than one proximate cause of an accident. The court then submitted additional instructions to the jury with respect to proximate cause and refused plaintiffs the right to present further oral argument after the giving of the additional instructions. The jury returned a verdict in favor of defendant and against plaintiffs.

Plaintiffs on appeal bring three assignments of error,

- 3 -

however, in view of our holding, we will discuss only the instruction on negligence.

Plaintiffs correctly argue that the universally accepted rule and the rule in Montana is that contributory negligence of the plaintiff is no bar to plaintiff's recovery for injuries caused by the reckless and wanton misconduct of a defendant. Mihelich v. Butte Electric Ry. Co., 85 Mont. 604, 281 P. 540.

Plaintiffs further argue, and we agree, that this Court has repeatedly held negligence or any breach of duty is for the trial court to decide only if the evidence is undisputed and only susceptible to but one conclusion by a reasonable man, and that the evidence is such that it will support no other legitimate inference. If reasonable minds might draw a different conclusion from the evidence, it is a question for the jury. Suhr v. Sears Roebuck and Company, 152 Mont. 344, 450 P.2d 87; Dahlin v. Rice Truck Lines, 137 Mont. 430, 352 P.2d 801.

A number of out of jurisdiction cases have been cited to this Court which do hold, in certain circumstances, that driving on the wrong side of the street with lights off amounts to wanton and willful misconduct as a matter of law; but each case must be decided on its own facts. We have reviewed the fact situation in the instant case and the evidence presented. This Court finds that the question of willful and wanton negligence was a question of fact and not a question of law.

The arguments presented by both parties demonstrate how the facts can be construed by reasonable men to reach directly opposing conclusions as to whether defendant's conduct amounted to willful and wanton misconduct.

The district court in refusing to give plaintiffs' proposed instruction No. 2, in effect, incorrectly ruled that as a matter of law there was no factual question whether or not defendant

- 4 -

was willfully and wantonly negligent. The district court erred in refusing to give plaintiffs' proposed instruction No. 2.

The matter of additional instructions after the jury has retired for deliberation should not arise in a new trial.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

------------------------------------
Justice

We concur:

------------------------------------
Chief Justice

------------------------------------

------------------------------------

Mr. Justice Wesley Castles dissenting:

I dissent. Here two vehicles one a motorcycle the other a Volkswagen, driving a narrow mountain road without lights in the moonlight, collide. Such conduct on the part of both drivers was ill advised; but, hardly, with respect to each other was it reckless or wanton conduct. It may well have been gross negligence with respect to another driver with his headlights on, but here both drivers were equally at fault. In other words, if the defendant Cloud is to be charged with gross negligence or reckless and wanton conduct for his failure to have headlights in operation, then the plaintiffs' decedent Mallory is equally guilty of the same kind of conduct. Thus, I believe the district court was correct in refusing to instruct on willful and wanton conduct.

I would affirm the judgment for defendant.

_Wesley Castles_
Justice.